

FILED
SUPERIOR COURT
OF GUAM

2023 MAR -1 PM 2: 40

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ARNOLD ANTHONY MAANAO, | **Superior Court Case No. CV0206-21** |
| Plaintiff, | |
| vs. | |
| GUAM HOUSING CORPORATION, CM INVESTMENTS, LLC, MEC, LLC, AND DOES DEFENDANTS 1-10, | **DECISION AND ORDER GRANTING MOTIONS TO DISMISS** |
| Defendants. | |

Plaintiff Arnold A. Maanao seeks to recover property once owned by his mother. He brought this action against Defendants Guam Housing Corporation (GHC), CM Investments, LLC, and MEC, LLC, claiming that GHC wrongfully foreclosed on the property, and that CM and MEC conspired with GHC. All defendants have moved to dismiss Maanao's claims. The Court heard the motions and now issues this Decision and Order GRANTING both motions to dismiss and DENYING Maanao's request for leave to amend.

### I.   PROCEDURAL AND FACTUAL BACKGROUND

This case centers around a piece of real property described as Lot No. 46-NEW-4-2A located in Agana Heights. First Am. Compl. ¶ 12 (May 16, 2022) ("Compl."). As it relates to this case, the property was originally held by husband and wife, Justo S. Damian and Jane G. Damian (aka Jane G. Gutierrez). *Id.* ¶ 13. Justo and Jane executed a mortgage on this property with GHC. *Id.* The mortgage was secured by a promissory note. Decl. Cynthia V. Ecube, Ex. A (Aug. 16, 2022).

When Jane and Justo divorced, Jane maintained ownership of the property. Compl. ¶ 22.

# ORIGINAL

However, Justo retained a life estate and assumed responsibility for the mortgage. *Id.* ¶¶ 22, 23. Jane later passed away and her estate was probated. *Id.* ¶¶ 22, 24. Pursuant to a Decree Settling Final Account of Executor and for Final Distribution, her interest in the property was distributed evenly among her six heirs, including Maanao. *Id.* ¶ 35.

Justo later defaulted on the note, and GHC moved to foreclose. Decl. Joseph C. Razzano, Ex. C (Feb. 17, 2022). The highest bidder, the trustee of CM (a profit sharing trust), purchased the property. *Id.* CM subsequently conveyed the property to MEC. Compl. ¶ 57.

Following the foreclosure, GHC filed a Complaint for Interpleader and named Jane's heirs and creditors. *Guam Housing Corp. v. Scott, et al.*, CV0281-18 (Compl. Interpleader (Mar. 16, 2018)). GHC served Maanao with a Summons, but he defaulted. CV0281-18 (Decl. Serv. (Arnold A. Maanao) (Apr. 6, 2018)). Eventually, the court awarded a default judgment against Maanao and awarded him a share of the foreclosure proceeds. CV0281-18 (J. Default Defs. (June 5, 2019)). The Default Judgment discharged GHC from "any and all liability related to claims by and between the party Defendants. . .." *Id.* ¶ 4.

Maanao has now brought this action asserting wrongful foreclosure and breach of contract against GHC; quiet title and tortious interference with a contract against CM and MEC; and conspiracy for wrongful foreclosure and tortious interference with a contract against all Defendants. *See generally* Compl. GHC, CM, and MEC moved to dismiss all claims with prejudice.

## II. ANALYSIS

### A. Maanao fails to state a claim against GHC.

GHC claims that under Guam Rule of Civil Procedure 12(b)(1), Maanao lacks standing to file for wrongful foreclosure and breach of contract. GHC's written Motion to Dismiss primarily

ORIGINAL

focused on various factual issues regarding the mortgage agreement and Maanao's standing as a non-party to the agreement. However, at the hearing on the Motion to Dismiss, GHC pivoted its argument to Maanao's involvement in the prior interpleader action and its default judgment.

The Court finds the second argument convincing when analyzed under Rule 12(b)(6). "A Rule 12(b)(6) motion tests the sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated into the complaint by reference, and documents on which the complaint heavily relies." *Newby v. Gov 't of Guam*, 2010 Guam 4 ¶ 14. The Court must "construe the pleadings in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 9 (quoting *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9). Then, "[d]ismissal for failure to state a claim is appropriate only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotation and citations omitted).

To manage the proceeds from the foreclosure, GHC filed a prior interpleader action against Maanao and others. The action resulted in a default judgment providing a liability waiver to GHC for claims related to the property at issue. This present case also addresses that property. Therefore, the claims against GHC are barred by the liability waiver granted in the prior interpleader action.

Additionally, the claims of wrongful foreclosure and breach of contract would have been compulsory counterclaims in the interpleader action. A compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire

**ORIGINAL**

jurisdiction." GRCP 13(a). The Court looks at whether "[t]he events relevant to the current [] action [] did not arise out of the "same transaction or occurrence" that was the subject matter of the prior proceeding. *Taitano v. Taitano*, 2000 Guam 34 ¶ 13. The facts relevant to the prior interpleader action were the foreclosure and ownership interest in the property; comparatively, the facts here are once again those related to the foreclosure. Since Maanao had a prior opportunity to challenge the foreclosure, he is barred from bringing a claim against GHC in this case and cannot state a claim for relief.

### B. Maanao fails to state a claim against CM and MEC.

As it relates to Maanao's quiet title claim against CM and MEC, Guam law provides that "[a]n action may be brought by any person against another who claims an estate or interest in real or personal property, adverse to him..." 21 GCA § 25101. Here, the foreclosure proceeding and interpleader action removed Maanao's interest in the property and provided for a compensation determination based on the loss of his interest. Maanao was given notice of the interpleader and therefore had notice that GHC foreclosed on the property. Because he no longer has an interest in the property, Maanao cannot pursue a quiet title action against CM and MEC.

The Court next reviews the tortious interference claims. The elements for tortious interference with a contract are "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Lujan v. J.L.H. Trust*, 2016 Guam 24 ¶ 30; *see also Lujan v. Howard Trapp Inc.*, CV1518-07 (Dec. and Order (Feb. 21, 2011)). Maanao has provided nothing beyond conclusory statements mirroring the elements to support his claim. More importantly, the contract at issue in this proceeding was between Jane, Justo, and GHC;

ORIGINAL

Maanao was not a party to the contract. Therefore, the Court dismisses Maanao's tortious interference with contract claim because no set of facts exist that would make Maanao a party to the contract.

### C. Maanao has failed to state a conspiracy claim against Defendants.

Finally, Maanao asserts two claims against all defendants: conspiracy for tortious interference with a contract and conspiracy for wrongful foreclosure. Compl. ¶¶ 99–114. GHC, CM, and MEC all move to dismiss these claims under Rule 12(b)(6).

In a claim for a civil conspiracy, there must be a "(1) formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts." *Id.* The formation of the conspiracy requires "a group of two or more persons who agreed to a common plan." *Moylan v. Citizens Sec. Bank*, 2015 Guam 36 ¶ 72. Additionally, the alleged wrongful act must be further analyzed because "[s]tanding alone, [civil] conspiracy does no harm and engenders no tort liability…[it] does not give rise to a cause of action unless a civil wrong has been committed resulting in damage." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 457 (Cal. 1994) (quoting *Doctors' Co. v. Super. Ct.*, 775 P.2d 508 (Cal. 1989)). "Therefore, it is the acts done and not the conspiracy to do them which should be regarded as the essence of the civil action." *Id.*

On the first element for conspiracy, Maanao has failed to plead any basis for the formation and operation of a conspiracy. Maanao merely provides conclusory statements of the elements.

On the second element regarding wrongful acts, Maanao has failed to state a claim regarding wrongful foreclosure and tortious interference with a contract. As it relates to the conspiracy for tortious interference with a contract, Maanao cannot establish the act element for

ORIGINAL

the same reasons he failed to state a claim for tortious interference with a contract. Similarly, Maanao cannot establish the act portion of the conspiracy for wrongful foreclosure claim because GHC was absolved of any liability for its actions through the prior proceeding, making this claim moot. Additionally, Maanao has not made any assertion that a different party provided the necessary act element for these two claims. Therefore, Maanao cannot satisfy the second element, and most important element, of his conspiracy claims.

Finally, the inability to sufficiently plead the formation and operation of a conspiracy, or any acts in pursuit of the conspiracy, prevents Maanao from being able to establish the third element of damages.

As none of the elements for the conspiracy claims have been sufficiently pleaded, the Court dismisses both claims.

### D. Leave to amend is denied as an amendment would be futile.

Under Guam Rule of Civil Procedure 15(a), leave shall be freely given absent the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *M Elec. Corp. v. Phil-Gets (Guam) Int'l Trading Corp.*, 2016 Guam 35 ¶ 42 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). As the Court's dismissals of Maanao's claims are based on the prior foreclosure proceeding and interpleader action, Maanao cannot cure the defects in his claims. Therefore, amendment would be futile, and the Court DENIES Maanao's Motion for Leave to Amend.

## III.     <u>ADMONITION OF ATTORNEY WILLIAMS</u>

The Court takes a moment to admonish Attorney Vanessa Williams for various

ORIGINAL

misleading statements and omissions in the First Amended Complaint.

Guam Rule of Professional Conduct 3.3(a)(1) provides that "A lawyer shall not knowingly [] make a false statement of fact or law to a tribunal...." While addressing the issue of the prior interpleader action and subsequent default judgment, Attorney Williams lists all defendants to the matter and all defendants who received default judgments *except* her client. Maanao's involvement in this proceeding and the default judgment subsequently entered against him was dispositive in determining Maanao's ability to state a claim. The Court admonishes Attorney Williams to take caution to avoid misleading the Court by omitting unfavorable information in future submissions.

## IV.    CONCLUSION AND ORDER

Based on Maanao's failure to state a claim, the Court GRANTS both Motions to Dismiss. Moreover, as the issues in the Complaint that have resulted in these dismissals cannot be cured, the Court DENIES Maanao's Motion for Leave to Amend.

SO ORDERED this 1st day of March 2023.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA E-MAIL.
I acknowledge that an electronic copy of the original was e-mailed to:
V. Williams Ecube
RAZZANO
Date: _____ Time: 3/1/23
Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Vanessa L. Williams, Esq., Law Offices of Vanessa L. Williams, P.C., for Plaintiff Arnold
    Anthony Maanao
Cynthia V. Ecube, Esq., Law Office of Cynthia V. Ecube, Esq., for Defendant Guam Housing
    Corporation
Joseph C. Razzano, Esq., Razzano Walsh & Torres, P.C., for Defendants CM Investments, LLC,
    and MEC, LLC

# ORIGINAL